ST. PAUL TRUST COMPANY v. HERCULES L. KITTSON and Others.[1]

December 12, 1902.

Nos. 13,156—(145).

### Review on Appeal—Bill of Exceptions.

Upon a review in this court of findings of fact and conclusions of law, where the evidence upon which the decision rests is before us solely upon a bill of exceptions, every reasonable inference must be indulged in favor of the material conclusions of the trial court, not inconsistent with the statements in the bill of exceptions.

### Findings.

Where, as in this case, the trial court has found ultimate and decisive facts, but has added thereto a statement that it would, but for certain conditions, have reached a different conclusion, to give value to such qualifying inference the facts to support the same should be embraced in the bill of exceptions; and the findings should also contain the essential facts, or they will be disregarded.

Plaintiff, as executor of the last will of Norman W. Kittson, deceased, filed its final account in the probate court for Ramsey county, claiming thereby $18,250 as compensation for its services. Objections being made by defendants the probate court disallowed plaintiff's claim to the extent of $6,250, and surcharged the account with that amount. Plaintiff thereupon appealed to the district court for said county. The case was tried before Bunn, J., who affirmed the order of the probate court. From an order denying a motion for a new trial, plaintiff appealed to the supreme court. Affirmed.

*John D. O'Brien* and *Harvey Officer*, for appellant.

*Armstrong & Begg, Daniel Murphy* and *John H. Ives*, for respondents.

LOVELY, J.

The St. Paul Trust Company filed its account as executor of the will of Norman W. Kittson in the probate court of Ramsey county,

[1] Reported in 92 N. W. 500.

embracing its charges for services in full for the period between January 1, 1894, and May 31, 1900. The aggregate sum therein claimed was $18,250. The probate court, upon the hearing of these accounts, designated as the fifth, sixth, and seventh, fixed the compensation for the services of executor for the time covered therein at $12,000; thus disallowing the executor's claims, and surcharging its account to the extent of $6,250. From this order the trust company appealed to the district court. Upon this appeal no formal pleadings were filed, but the controversy proceeded to hearing under the objections of the Kittson heirs to the stated accounts filed in the probate court. The district court, after hearing the evidence, made findings of fact, and, as a conclusion of law, affirmed the order of the probate court. A bill of exceptions was duly settled, upon which a motion for a new trial was made and denied. From this order the trust company appeals to this court.

The bill of exceptions is quite brief. It sets forth that the charges for the services contained in the fifth, sixth, and seventh accounts were prepared under the supervision of the secretary of the trust company, and verified as correct upon his oath. The fifth account covered a period between January 1, 1894, and January 31, 1898. It was prepared as a final account, but was not filed as such, for the reason that certain real estate, described as the "Midway Property," had not then been sold, and the executor deemed it unwise to dispose of it at that time on account of its depreciation in value. The sixth account embraced items between January 31, 1898, and July 31, 1898. It was prepared and filed as a final account, but was not acted upon, because of pending litigation over previous accounts. The seventh or supplemental account was prepared and filed as a final account. In each of these accounts the executor made, from time to time, charges for its services "in full" as executor for the periods of time covered thereby. The amount of these charges at the respective dates designated in the accounts were by the executor paid to itself, and deducted from the balance of funds then in its possession as executor.

Upon the trial in the district court, plaintiff offered evidence tending to show that the services of the trust company as executor from January 1, 1894, until May 31, 1900, as an entirety, were of

the value of $18,250. No evidence was offered or received as to the value of services for any particular year or portion of this entire period, but evidence was received as to the character of the particular services rendered during each year. It was also an admitted fact that the books of account kept by the executor contained substantially the same entries and charges for the services as were designated in the accounts filed, except that the entries in the executor's books were made for shorter periods of time, and did not contain the additional words, "in full," as in the accounts, but the total charges in the books equaled the total amount charged, as shown by the accounts. By reference thereto it will appear that for the services of 1894 the charge which the trust company made and paid to itself was $6,000; also that the charges claimed and paid to itself during the subsequent period covered by the sixth and seventh accounts was $12,250. But at no time during the trial in the district court were the witnesses questioned as to their opinion of the value of the services of the executor for the year 1894, so that with reference to the fifth account the course pursued by the trust company in making the charges therein against the estate, and paying itself, and thereafter carrying forward the balance upon the succeeding account, taken in connection with the description of the services (not contained in the bill of exceptions), indicates the value of the same. While it appears that the testimony of various witnesses was received, yet it has not been returned into this court or preserved, and we are left wholly to infer its import and probative force from the bill of exceptions.

With reference to the sixth and seventh accounts the court found that the executor's services were worth no more than the sum of $6,000, thus reducing its claim for services during that period to the extent of $6,250. So far as this finding is concerned, it is not in question on this appeal. The controversy here arises over the contention of appellant upon the finding of the court with reference to the fifth account,—that for its services as executor of the estate during the year 1894 the trust company charged the estate $6,000, and in January, 1895, paid this sum to itself individually out of the fund belonging to the estate; that by reason of

this fact, and the statement of such charges and credits, as appears in the fifth account of the executor, together with the evidence adduced on the trial, the legal value of the services was the sum of $6,000, and no more.

This finding is not of doubtful significance. It unequivocally establishes the value of the services of the executor during the period covered in the fifth account, and sustains the conclusions of law based thereon, but the learned trial court added to this judicial determination of an important issue involved in the controversy the following:

"Save for an estoppel created by the foregoing facts, the evidence would justify and require a finding that the services during the year 1894 were worth the sum of $12,250;"

And appellant urges here that this interpolation by the trial court in its findings is radically inconsistent with the legal conclusion reached, to the effect that the order of the probate court reducing the amount of the account should be affirmed. There is, however, an insuperable difficulty in the way of adopting this view, for it still remains as a substantial part of the finding of fact by the court below that the services for which the executor charged and paid itself in the fifth account were worth and of the value of $6,000, and no more, and what the court surmised it might have done it has not done.

The reasons which affected the opinion of the trial court in this respect, if material, are not so explicitly and clearly set forth that we can do little more than conjecture their cogency and relative bearing upon the findings already made. More for this interjectional statement cannot be claimed than that the trial court would have placed the executor's services in the fifth account at a larger sum than the executor had estimated their value for itself. The evidence upon which the court reached this view is not before us, but its deliberate ultimate conclusion in compliance with its legal duty is declared.

We may surmise that the court below, upon its original judgment, based upon the partial evidence returned here, would have found the services were worth more; but this account as filed in

the probate court made a charge in full for a definite period of time, which was all the executor solicited or claimed upon the estimated value of its own services. It then paid itself that sum, and presented to the probate court, to whose supervision it was primarily subject, the sworn statement that this was its final demand, and during the subsequent trials did not increase its claim, and it does not appear that any question was made at either trial over the charge of executor's services in this respect. The charges were therein treated as reasonable by all parties, and it would be unjust and inequitable to now re-examine this portion of the account, when neither party requested the adoption of this course. The parties litigant being mutually satisfied, the court evidently considered their treatment of this part of the appellant's claim as in the nature of an estoppel, which conclusion is not inconsistent with the bill of exceptions. And whether the trial court would have held as it did, had a contest been actually made thereon, is at best but a matter of conjecture. We are not at liberty to supply by surmises sources of inference of the trial court, interjected into and added to a completed finding. We must accept the ultimate facts as they were reached in this respect, and abide by them, in the absence of any explicit negative thereof in the bill of exceptions, or facts found. This is the only way in which we can deal with the deliberate actions of a tribunal whose conclusion we are required to review, which must rest upon results reached, rather than the processes through which they are arrived at, or interpolated inferences as to what might have been done under different conditions.

Order affirmed.